UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **BREANNA NICOLE KELLY** | **CASE NO. 1:20-CV-01291** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **AJAY PATEL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by *pro se* Plaintiff Breanna Nicole Kelly ("Kelly"). [ECF No. 15]. For the following reasons, the Motion [ECF No. 15] is DENIED.

### BACKGROUND

Kelly filed suit under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. ECF No. 1 at 3. According to an attachment to her Complaint, Kelly worked at a McDonald's restaurant in Alexandria, Louisiana. [ECF No. 1 at 2]. Kelly alleges the restaurant is owned by Defendant Ajay Patel ("Patel"). [ECF No. 1-2 at 5].

Kelly claims that she was discharged from employment by Patel "in retaliation for reporting retaliation, disability discrimination, harassment, bullying, and a hostile work environment." [ECF No. 1-2 at 6]. Kelly alleges that she asked "for leave as an accommodation" for oral surgery on October 18, 2019. [ECF No. 1-2 at 5]. According to Kelly, she was initially granted sick leave, but her leave was "rescinded" when she "was ordered" to return to work the day after surgery. [ECF No. 1-2 at 5-

1

6]. Kelly maintains that she was "retaliated against for reporting the discrimination to the corporate office." [ECF No. 1-2 at 6].

Patel filed a Motion for Extension of time within which to answer the Complaint [ECF No. 9], and Kelly filed a Memorandum in Opposition [ECF No. 15], which includes the Motion for Summary Judgment that is now before the Court. Patel filed a Memorandum in Opposition to the Motion for Summary Judgment [ECF No. 20], and Kelly filed a Response [ECF No. 22].

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

## LAW AND ANALYSIS

The Americans with Disabilities Act of 1990, as amended, provides that "no covered entity shall discriminate against a qualified individual on the basis of

disability in regard to . . . the hiring, advancement, or discharge of employees . . . in other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, provides that "it shall be an unlawful employment practice for an employer . . . (1) to fail or refuse to hire or discharge any individual, otherwise to discriminate against an individual . . . because of such individuals' race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2.

Kelly provides no legitimate basis for her entitlement to judgment as a matter of law. She seeks summary judgment based on her contention that Patel did not timely file an answer contesting her claims, and that he failed to properly address her factual assertions. [ECF No. 15 at 1]. Thus, Kelly concludes that it is undisputed that she "was retaliated against because of her temporarily [sic] disability and because of [Kelly] having oral surgery." [ECF No. 15 at 3]. Kelly presumably claims that Patel is a "covered entity" and her "employer" under §§ 12112 and 2000e-2.

Contrary to Kelly's assertion, her allegations are directly disputed by Patel. First, Patel timely filed an Answer to her Complaint. [ECF No. 13]. In his Answer and his opposition to Kelly's motion, which is supported by an affidavit and record form the Louisiana Secretary of State, Patel maintains that he is not the owner of the McDonald's where Kelly was employed. [ECF No. 13 at 1; ECF No. 20 at 2].

Patel also disputes the basis for Kelly's termination. According to Patel's affidavit, Kelly was discharged for using obscenities and vulgar language. [ECF No. 20-2 at 2]. Kelly's conclusory allegation that she was fired due to a temporary

disability is not competent summary judgment evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992) ("Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment.") (citing *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *United States v. An Article of Drug*, 725 F.2d 976, 984–85 (5th Cir. 1984)).

Moreover, discovery has not yet commenced in this case, and no scheduling order has been issued at this point. Although Rule 56 of the Federal Rules of Civil Procedure does not require that discovery take place prior to granting summary judgment, it is widely recognized that "[s]ummary judgment assumes some discovery." *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002); *see also, e.g., Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary judgment should not, therefore, ordinarily be granted before discovery has been completed."); *Mohamed v. Harte-Hanks, Inc.*, 1:20-CV-00036, 2020 WL 4289610, at *3 (W.D. Tex. July 27, 2020) (denying summary judgment as premature); *Univ. Loft Co. v. Blue Furniture Sols., LLC*, No. 15-CV-826, 2017 WL 876312, at *3 (W.D. Tex. Mar. 3, 2017) ("Given that no discovery that had taken place at the time this motion was filed, consideration of a motion for summary judgment is premature."); *George v. Go Frac, LLC*, 15-CV-943, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) (motion summary judgment two months after the case was filed and before discovery had been completed was premature).

## CONCLUSION

Because Kelly has not shown an absence of disputed material facts or that she is entitled to judgment as a matter of law, her Motion for Summary Judgment [ECF No. 15] is **DENIED**.

THUS DONE AND SIGNED in Chambers on this 13th day of May, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE