UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **BREANNA NICOLE KELLY** | **CIVIL DOCKET NO. 1:20-CV-01291** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **AJAY PATEL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

### MEMORANDUM RULING

Before the Court is a MOTION IN LIMINE (the "Motion") filed by *pro se* Plaintiff Breanna Nicole Kelly ("Kelly"). [Doc. 27]. For the following reasons, the Motion is DENIED.

### BACKGROUND

Kelly filed suit under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. [ECF No. 1 at 3.] According to an attachment to her Complaint, Kelly worked at a McDonald's restaurant in Alexandria, Louisiana. [Doc. 1 at 2]. Kelly alleges the restaurant is owned by Defendant Ajay Patel ("Patel"). [Doc. 1-2 at 5].

Kelly claims that she was discharged from employment by Patel "in retaliation for reporting retaliation, disability discrimination, harassment, bullying, and a hostile work environment." [Doc. 1-2 at 6]. Kelly alleges that she asked "for leave as an accommodation" for oral surgery on October 18, 2019. [Doc. 1-2 at 5]. According to Kelly, she was initially granted sick leave, but her leave was "rescinded" when she "was ordered" to return to work the day after surgery. [Doc. 1-2 at 5-6]. Kelly

1

maintains that she was "retaliated against for reporting the discrimination to the corporate office." [Doc. 1-2 at 6].

Patel has denied Kelly's allegations and asserted numerous affirmative defenses to the claims. [Doc. 13].

In her Motion, Kelly asks that Patel be prevented from: (i) offering testimony about her disability; (ii) making accusations that will reflect negatively on her character; (iii) preparing witnesses or question them about Kelly's disabilities before surgery; or (iv) mentioning Kelly's character. [Doc. 27 at 7]. Patel filed an Opposition [Doc. 33] to the Motion, which is now ripe for disposition.

## LEGAL STANDARD

A motion in limine is made prior to trial "for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977) (citation omitted). Motions in limine should not be used "to reiterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." *Maggette v. BL Dev. Corp.*, Nos. 2:07–cv–181, 2:07–cv–182, 2011 WL 2134578, *4 (N.D. Miss. 2011). Evidence should not be excluded through a motion in limine unless it is clearly inadmissible on

all potential grounds. *See Ogden v. Cozumel, Inc.*, 18-CV-00358, 2019 WL 5295495, at *1 (W.D. Tex. 2019) (citing *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. 2008).

### LAW AND ANALYSIS

Pursuant to Rule 401 and 402 of the Federal Rules of Evidence, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." And relevant evidence is generally admissible unless prohibited by another rule, statute, or the U.S. Constitution. Fed. R. Evid. 401, 402. The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993).

The Court finds that Kelly's Motion in Limine is vague, overbroad, and unsupported.[1] Kelly fails to identify which rules or statutes the possible future testimony may violate. She has not established that any specific testimony is

---

[1] *See Ogden,* 2019 WL 5295495, at *1 (denying motion in part as "overly broad, void of specific context, and insufficiently supported"); *Grant v. CRST Expedited, Inc.*, 1:18-CV-433, 2021 WL 2101741, at *8 (E.D. Tex. Apr. 7, 2021) (denying motion in limine, in part, as overly vague); *Montgomery v. CitiMortgage, Inc.*, 2:12-CV-007, 2013 WL 3895046, at *6 (S.D. Miss. July 29, 2013) (denying overly broad motion where "the potential for undue prejudice warranting a blanket exclusion has not been shown"); *Foradori v. Captain D's, LLC*, 1:03-CV-669, 2005 WL 6736846, at *4 (N.D. Miss. Sept. 29, 2005) (denying in part as overbroad motion in limine to exclude various forms of evidence and requests that are redundant recitations of rules of evidence and/or civil procedure).

irrelevant under Rule 401 or excludable under Rule 403. Kelly has not established that any "speculative character evidence" [Doc. 27 at 5] she seeks to exclude is inadmissible under Rule 403, 608, or any other Rule of Evidence.

Considering the posture of the case and the timing of Kelly's Motion, the Court finds the Motion in Limine is also premature.[2] At the time the Motion in Limine was filed, a scheduling order establishing deadlines for discovery and motions had not yet been issued. However, the case is now governed by a Scheduling Order [Doc. 29] that establishes a discovery deadline of October 22, 2021, and a deadline for motions in limine of January 5, 2022. Kelly may resubmit her Motion with additional detail and specificity at the appropriate time.

## CONCLUSION

Because Kelly's MOTION IN LIMINE is vague, overbroad, and premature, it is HEREBY DENIED.

THUS, DONE AND SIGNED in Chambers on this 16th day of June 2021.

*[signature: David C. Joseph]*
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[2] *See Anderson v. Hoffman*, 7:15-CV-14-FL, 2016 WL 11430764, at *3 (E.D. N.C. 2016) (denying *pro se* motion in limine as premature where scheduling order had not yet been issued); *Singletary ex rel. N.M.M. v. Cumberland Cnty. Sch.*, No. 5:12-CV-744, 2014 WL 4101226, at *1 (E.D. N.C. Aug. 18, 2014) (unpublished) (denying *pro se* plaintiff's motion in limine to exclude medical records as premature when filed during the pendency of discovery); *Emrit v. Am. Communs. Network*, No. 1:13-CV-776, 2013 WL 5655459, at *1 (M.D. N.C. Oct. 15, 2013) (unpublished) (denying as premature *pro se* plaintiff's motion in limine filed prior to service of process and issuance of a scheduling order).